# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**BRG Associates, LLC,**
**Petitioner Below, Petitioner**

**vs) No. 16-0338** (Berkeley County 15-AA-8)

**Larry Hess, Assessor of**
**Berkeley County, West Virginia,**
**Respondent Below, Respondent**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner BRG Associates, LLC, by counsel Floyd M. Sayre, III, appeals the order of the Circuit Court of Berkeley County, entered March 3, 2016, that denied petitioner's appeal of the ad valorem property taxes assessed against its commercial rental properties. Respondent Larry Hess, the Assessor of Berkeley County, filed a response and a supplemental appendix in support of the circuit court's order by counsel Norwood Bentley III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the relevant standards of review, the parties' briefs in both appeals, and the record on appeal, the Court finds that a memorandum decision under Rule 21 of the Rules of Appellate Procedure is appropriate.

In March of 2012, petitioner purchased two office buildings (the "subject properties") located at 300 Foxcroft Avenue and 400 Foxcroft Avenue in Martinsburg, West Virginia. A January 17, 2012, appraisal (the "2012 appraisal") valued the properties together at $4,035,000. The appraisal was based on the income approach to valuation and the following five "comparable" sales:

(1) Sale in Hagerstown, Maryland on June 2, 2011; (2) Sale in Frederick, Maryland, on February 1, 2011; (3) Sale in Martinsburg, Berkeley County, West Virginia, on February 24, 2009; (4) Sale in Baker Heights area of Berkeley County, West Virginia, on November 29, 2007; and [] (5) Sale on Edwin Miller, Blvd., in Martinsburg, Berkeley County, West Virginia, on October 10, 2007.

In the 2012 appraisal, the appraiser opined as follows:

[T]here have been only a limited number of modern office facilities sold in the greater Martinsburg area over the past few years. However, this moderate activity is not due to a lack of demand, but to a lack of properties being offered for sale.

1

It is important to note that this is a relatively rural marketplace where definitive comparable data is often limited requiring date or distant data and substantial judgement [sic] in some cases.

Three years after the sale of the subject properties, respondent valued them for Tax Year 2015 using the cost method of valuation. Respondent valued 300 Foxcroft at $3,145,800; and 400 Foxcroft at $2,516,400. The total appraised value of the two properties was $5,662,200, which is $1,627,000 more than the $4,035,000 value provided in the 2012 appraisal. Petitioner petitioned the Berkeley County Commission, sitting as the Board of Equalization and Review (the "BER"), for a review of the assessments.

At a February 17, 2015, hearing before the BER, petitioner argued that the subject properties should have been appraised using the income approach, instead of the cost approach employed by respondent. Petitioner further argued that respondent should have used the information in the 2012 appraisal along with published capitalization rates, such as those found on RealtyRates.com and pwc.com, to determine the value of the properties. Petitioner averred that if respondent had employed the income approach, the value of 300 Foxcroft would have been $2,016,000, as opposed to respondent's $3,145,800 valuation, and the value of 400 Foxcroft would have been $1,497,400, as opposed to respondent's $2,516,400 valuation.

On February 26, 2015, the BER upheld respondent's valuation of the subject properties on the ground that respondent's use of the cost approach was appropriate because the use of the income or market approach was "not supported by the evidence."

Petitioner appealed the BER's order to the circuit court. Following a December 16, 2015, hearing on the matter, the circuit court, by order entered March 3, 2016, denied petitioner's appeal on the ground that it failed to present clear and convincing evidence that respondent's valuation of the subject properties was erroneous.

Petitioner now appeals the circuit court's order. We review such appeals under the following standards:

> """"An assessment made by a board of review and equalization and approved by the circuit court will not be reversed when supported by substantial evidence unless plainly wrong.' Syl. pt. 1, *West Penn Power Co. v. Board of Review and Equalization [of Brooke County]*, 112 W.Va. 442, 164 S.E. 862 (1932)." Syl. pt. 3, *Western Pocahontas Properties, Ltd. v. County Comm'n of Wetzel County*, 189 W.Va. 322, 431 S.E.2d 661 (1993).' Syl. pt. 4, *In re Petition of Maple Meadow Mining Co. for Relief from Real Property Assessment For the Tax Year 1992*, 191 W.Va. 519, 446 S.E.2d 912 (1994)." Syllabus point 3, *In re Tax Assessment of Foster Foundation's Woodlands Retirement Community*, 223 W.Va. 14, 672 S.E.2d 150 (2008).

Syl. Pt. 1, *Stone Brooke Ltd. P'ship v. Sisinni*, 224 W.Va. 691, 688 S.E.2d 300 (2009). We have also said,

"[a]s a general rule, there is a presumption that valuations for taxation purposes fixed by an assessor are correct. . . . The burden is on the taxpayer challenging the assessment to demonstrate by clear and convincing evidence that the tax assessment is erroneous." Syllabus point 2, in part, *Western Pocahontas Properties, Ltd. v. County Commission of Wetzel County*, 189 W.Va. 322, 431 S.E.2d 661 [1993].

*Id.* at 693, 688 S.E.2d at 302, Syl. Pt. 5.

Petitioner's sole assignment of error on appeal is that the circuit court erred in affirming the BER's decision because that decision violated the equal and uniform taxation mandate of the West Virginia Constitution and the Equal Protection Clause of the United States Constitution. Specifically, petitioner argues that respondent failed to meaningfully consider each of the three methods of valuation in violation of W.Va. Code R. § 110-1P-3.2.1. That regulation provides that "[i]n determining an estimate of fair market value, the Tax Commission shall consider and use where applicable, three (3) generally accepted approaches to value: (A) cost, (B) income, and (C) market." Petitioner argues that it is well established that the best measure of a commercial rental property's value is the income method.[1] Petitioner therefore concludes that respondent's use of the cost approach to value the subject properties was an error of law.

With regard to the appraisal of real property for tax purposes, we have said,

[T]here are three general approaches to establishing the fair market value of real estate. These three techniques in the hands of an expert appraiser are designed to provide some estimation of the fair market value of real estate:

1. In the cost approach, value is estimated as the current cost of reproducing or replacing the improvements . . . minus the loss in value from depreciation, plus land value.

2. In the sales comparison [or market] approach, value is indicated by recent sales of comparable properties in the market.

3. In the income capitalization approach, value is indicated by a property's earning power, based on the capitalization of income.

The cost approach to valuation generally consists of the calculation of a depreciated replacement cost for improvements on the land, plus the value of the land, as evidence of market value. The comparable sales or "market" approach involves, "essentially, an evaluation of similar pieces of property in the general area and the prices paid for each." And the income approach is typically used where the condemned real estate *itself* generates future income "which can be capitalized to give some fair indication of what an investor would pay for the privilege of receiving that income over some foreseeable period of time."

---

[1] Petitioner supports this claim by citing to cases from Minnesota, New Jersey, and Pennsylvania.

3

*W.Va. Dep't of Transp., Div. of Highways v. W. Pocahontas Props., L.P.*, 236 W.Va. 50, 66, 777 S.E.2d 619, 635 (2015) (emphasis in original).

At the February 17, 2015, hearing before the BER, John Streett, an employee in respondent's office, testified that respondent considered all three statutory approaches to the valuation of the subject properties (cost, income, and market), but was forced to use the cost approach because respondent had insufficient information to use the income or market approach.

With regard to the market approach, Mr. Streett testified there was only one similar property for sale during the relevant timeframe and that a single sale was insufficient to establish the market. With regard to the income approach, Mr. Streett testified that respondent had insufficient information with which to develop the capitalization rate necessary to calculate the income value of the subject properties. By way of explanation, Mr. Streett cited to W.Va. Code R. § 110-1P-3.2.1.2. which provides that,

> [a] property's present worth is directly related to its ability to produce an income over the life of the property. The selection of an overall capitalization rate shall be derived from *current market data* by dividing the annual net income by the current selling price of comparable properties. The present fair market value of the property shall then be determined by dividing the annual economic rent by the capitalization rate.

(Emphasis added.) Mr. Streett testified that, pursuant to W.Va. Code R. § 110-1P-3.2.1.2., respondent could not use the market information from the 2012 appraisal to derive a capitalization rate because it listed sales between 2007 and 2011 which were "far out of our time frame" and, consequently, not "current market data." Mr. Streett further testified that the sales in the 2012 appraisal were also physically "far out of our jurisdiction" and that there was no way to know how the capitalization rates used in the 2012 appraisal were derived.

"When possible, the Tax Commissioner should use the most accurate form of appraisal, but because of the difficulty in obtaining necessary data from the taxpayer, or due to the lack of comparable commercial or industrial properties, the choice between alternative appraisal methods may be limited." W.Va. Code R. § 110-1P-3.2.2.a. Moreover, "[a]n assessor need not perform a useless act of considering an appraisal method where the assessor does not have sufficient data to perform that appraisal method." *Lee Trace, LLC v. Raynes*, 232 W.Va. 183, 193, 751 S.E.2d 703, 713 (2013).

At the February 17, 2015, hearing before the BER, Mr. Streett provided substantial evidence on the record explaining respondent's reasons for employing the cost method of valuation and rejecting the income or market methods. In light of that testimony, both the BER and the circuit court found that the substantial evidence in the record showed that respondent's valuations of the subject properties using the cost method were not plainly wrong. We concur with that conclusion and find that petitioner failed to meet his substantial burden below of showing error with regard to the method by which respondent evaluated the subject properties.

4

As for petitioner's overarching claim—that in denying petitioner's appeal of the BER's decision, the circuit court violated the equal and uniform taxation mandate of the West Virginia Constitution and the Equal Protection Clause of the United States—we find that petitioner wholly fails to address that issue, in any fashion, in his brief to this Court. We have oft said,

> "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.'" (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Furthermore, this Court has adhered to the rule that "[a]lthough we liberally construe briefs in determining issues presented for review, issues. . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996).

*State v. Kaufman*, 227 W.Va. 537, 555 n. 39, 711 S.E.2d 607, 625 n. 39 (2011). Therefore, we will not consider this issue further.

Accordingly, we affirm the circuit court's March 3, 2016, order.

Affirmed.

**ISSUED:** February 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker